IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                              §
                                                    §
TEXAS DIRECT AUTO GROUP, LLC                        §        CASE NO. 25-33190
     DEBTOR                                       §

**<u>FRANKLIN & FRANKLIN, LLC'S EMERGENCY
MOTION TO DISMISS CASE AND TO DECLARE NO STAY IN EFFECT</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY (OR EXPEDITED) RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY (OR EXPEDITED) BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY (OR EXPEDITED) CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

      COMES NOW Franklin & Franklin, Investments, LLC, d/b/a Eagle Point Lending, secured creditor herein ("Franklin") and files this Emergency Motion to Dismiss Case (the "Motion to Dismiss") and in support thereof shows the Court as follows:

      1.     **Emergency consideration is requested as the foreclosure occurred before notice of the bankruptcy was received and it is necessary to secure the property that was foreclosed on as it is suspected that the Debtor or one of its agents may try and remove fixtures from the**

property and/or cause damage to the property.   Additionally, this is the seond bankruptcy filed by Debtor since May 5, 2025.  The first bankruptcy which was filed on May 5, 2025 is pending in the Western District of Texas under case no. 25-10655 and is still open.  That case was filed to stop the May foreclosure.  Matthew Favard who filed the current bankrutpcy on behalf of Debtor, has violated a state court injunction by filing this Bankruptcy because the state court injunction prevents him from interferring with the foreclosure sale.  Further, Matthew Favard is not an officer of the company or owner of the company and thus is not qualified to file such bankruptcy on behalf of the Debtor.  He also is not a licensed attorney. These facts are more detailed below.

2.      Debtor Texas Direct Auto Group, LLC ("Debtor") filed for bankruptcy on June 3, 2025 at 8:47 a.m. to avoid the pending foreclosure set on June 3, 2025.  However, notice of the pending bankruptcy was not sent to Franklin & Franklin until 10:18 a.m.

3.      Franklin had the property set for foreclosure on June 3, 2025 described as

CONDOMINIUM UNIT NUMBER 264, IN BUILDING "A" AND THE SPACE ENCOMPASSED BY THE BOUNDARIES THEREOF, THE LIMITED COMMON ELEMENTS APPURTENANT THERETO, TOGETHER WITH AN UNDIVIDED INTEREST IN THE GENERAL COMMON ELEMENTS LOCATED IN AND BEING PART OF LAMAR TOWER, A CONDOMINIUM PROJECT IN HARRIS COUNTY TEXAS AS FULLY DESCRIBED IN AS LOCATED, DELINEATED AND AS DEFINED IN THE CONDOMINIUM DECLARATION FOR LAMAR TOWER, TOGETHER WITH THE SURVEY PLAT, BY-LAWS AND EXHIBITS ATTACHED THERETO, RECORDED IN VOLUME 102, PAGE 116, VOLUME 103, PAGE 96, VOLUME 113, PAGE 152, VOLUME 115, PAGE 139, VOLUME 118, PAGE 144, VOLUME 124, PAGE 5, VOLUME 124, PAGE 52, VOLUME 126 PAGE 11 AND UNDER FILM CODE NOS 162117, 189223, 190052, 190107, 192262, 194003, 194147, 210252, AND 212903 ALL OF THE CONDOMINIUM RECORDS OF HARRIS COUNTY, TEXAS and more particularly described as 5959 Buffalo Speedway #204, Houston, Texas 77098 (the "Property").

4.      However, notice of the bankruptcy was not received until 10:18 a.m., after the foreclosure had already occurred and the Property had been struck off at 10:11 a.m.  Therefore, by the time that the bankruptcy was filed, the foreclosure had occurred.  Additionally, because of the stay order that had previously been entered as show below, no stay was in effect at the time of the foreclosure.

A.      **Debtor is Subject to Pending Bankruptcy in Western District of Texas**

5.      First, Debtor is not eligible to be a debtor under Chapter 11 of the United States Bankruptcy Code because Debtor has improperly filed the bankruptcy and is already in a bankruptcy pending in the Western District of Texas, Austin Division.

6.      Debtor is not eligble to be a debtor in this Chapter 11 bankruptcy because Debtor already has an open Chapter 11 case pending under Case No. 25-10655-SMR; styled *In re Texas Direct Auto Group, LLC;* in the United States Bankruptcy Court for the Western District of Texas (the "Austin Bankruptcy").  A true and correct copy of the docket sheet is attached hereto as Exhibit "A".  Debtor cannot have two open pending Chapter 11 cases at the same time.  The Austin case has not been dismissed nor transferred to the Southern District. Filing a second case in the Southern District is not allowed and is sanctionable.

B.      **Banruptcy Was Filed Pro Se for Corporate Debtor**

7.      Next the bankruptcy petition was filed by Texas Direct Auto Group, LLC pro se. Texas Direct Auto Group, LLC is a corporation.  According to the Clerk's office, the voluntary petition was signed by Matthew Favard.[1]  Matthew Favard is not an attorney, no is he an authorized officer or owner of Debtor.  As of the time of filing, no legal counsel has been employed or appeared

---

[1]The voluntary petition was not available on line at the time of the filing.

on behalf of Debtor.   Debtor is a limited liability company and it cannot appear in federal court without legal counsel. *See e.g. Rowland v California Men's Colony Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993).  BLR 1002-1(a) also requires that a coproration or partnership be represented by counsel.   BLR 1002-1(a).  A true and correct copy of the Docket sheet is attached hereto as Exhibit "B".

8.      Additionally, Matthew Favard is not an officer nor authorized party to act on behalf of Texas Direct Auto Goup, LLC.   Texas Direct Auto Group, LLC is a sole member LLC which is owned by Ray Mearis.   A true and correct copy of the Minutes and Resolutions of the LLC are attached as Exhibit "C".

C.      **Relief From the Automatic Stay was Granted in the Austin Bankruptcy**

9.      Debtor filed the Austin Bankruptcy to stop the foreclosure set for May 6, 2025.   A motion for relief from stay to foreclose on the Property was granted in that case.   The case was **not dismissed.**   A true and correct copy of the Order Granting Relief from Stay is attached hereto as Exhibit "D".

10.     The foreclosure sale was struck off at 10:11 a.m. on June 3, 2025.   Notice of the bankruptcy was not received by the creditor forelcosing on the property until 10:17 a.m. on June 3, 2025.   The foreclosure sale had already occurred when the bankrutpcy notice was received.   Furthermore, since the Bankrutpcy Court for the Western District of Texas already lifted stay, no stay was in effect and the foreclosure should be held to be a valid forecloure.   See to 11 U.S.C. §362(b)(20), (b)(21) and (d)(4).

-4-

D.     **Debtor Filed Three Prior Temporary Restraining Orders**

11.     Prior to the Austin Bankruptcy, Debtor had already filed three Temporary Restraining Orders.  On the third temporary restraining order, the Court allowed them to April 8, 2025 to consummate the alleged sale of the Property.  If it did not sale, the Court entered an injunction was preventing Matthew Favard and Ray Mearis from interferring with any future foreclosure sales and Debtor from filing any other Temporary Restraining Order pleadings.  A true and correct copy of the injunction is attached hereto as Exhibit "E".   The sale was never consummatred and at the time of the current foreclosure still had not closed.

E.     **No Sale is Imminent**

12.     Immediately before the foreclosure sale this month, the alleged lender sent a "closing disclosure statement", but the title company had no closing sheduled, nor had the lender funded any sale.   It is suspected that the alleged closing disclosure was merely "a scheme" in an attempt to induce Franklin to pass the foreclosure.

F.     **Sanctions are Warranted**

13.     Debtor's, Ray Mearis' and Matthew Favard's conduct is fraudulent and are merely attempts to defraud and hinder the secured creditor. Debtor has been filing frivilous Temporary Restraining Orders and bankruptcies attempting to stop the foreclosure based on an alleged sale to Matthew Favard that has been unable to close since January 2025.  Over the past five months, Debtor has caused Franklin to incur over $20,000 in legal expenses.  Franklin does not know how much damage may have been done to the property in that it has not been able to gain possession because of Debtor's efforts to stop the foreclosure when Debtor knows that the sale is incapable of closing.

14.     This case was filed in bad faith and should be dismissed with prejudice.  Further, Debtor, Debtor's owner Ray Mearis and Matthew Favard should be sanctioned for filing frivilous bankruptcies.

15.     Franklin also requests that this Court enter an order declaring that there was no stay in effect upon the filing of the bankruptcy.

WHEREFORE PREMISES CONSIDERED, Franklin & Franklin, LLC d/b/a Eagle Point Lending requests that this Court enter an order declaring that no stay was invoked as a result of the bankruptcy case, enter an order dismissing the the case pursuant to 11 U.S.C.§1112(b) with prejudice; issue sanctions against the Debtor, Ray Mearis and Matthew Favard, and for such other and further relief to which it may be entitled.

Respectfully submitted.

LAW OFFICE OF MYNDE S. EISEN

By:/s/Mynde S. Eisen
        Mynde S. Eisen
        SBN: 06503950
        6546 Greatwood, Suite C
        Sugar Land, Texas 77449
        (281) 545-8600
        E-mail:mynde@eisenlawoffice.com

ATTORNEY FOR THE MOVANT
FRANKLIN & FRANKLIN, INVESTMENTS, LLC,
D/B/A EAGLE POINT LENDING

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Motion for Relief From The Stay has been served on all parties in interest as by depositing the same in the ECF Transmission and/or e-mail and/or U.S. mail, regular mail, postage prepaid on June 3, 2025.


By:/s/Mynde S. Eisen _____
Mynde S. Eisen

**<u>DEBTORS</u>**

Texas Direct Auto Group, LLC
5411 Renwick Drive, Suite 200
Houston, Texas 77081

**<u>U.S. TRUSTEE</u>**

Office of the U.S. Trustee
515 Rusk Ave, Ste. 3516
Houston, Texas 77002

-7-

NOCLOS

# U.S. Bankruptcy Court
## Western District of Texas (Austin)
## Bankruptcy Petition #: 25-10655-smr

*Date filed:* 05/04/2025
*341 meeting:* 07/01/2025

*Assigned to:* Bankruptcy Judge Shad Robinson
Chapter 7
Voluntary

**Debtor**
**Texas Direct Auto Group, LLC**
5411 Renwick Drive
Suite 200
Houston, TX 77081
HARRIS-TX
(832) 819-7711
SSN / ITIN: xxx-xx-6654

represented by **Darwin McKee**
Darwin McKee, Attorney at Law
13276 Research Boulevard
Suite 209
Austin, TX 78750
512-637-1476
Fax : 512-233-5111
Email: darwinmckee@yahoo.com

**Trustee**
**John Patrick Lowe**
2402 East Main Street
Uvalde, TX 78801
830-407-5115
*SELF-TERMINATED: 05/06/2025*

**Trustee**
**Christy L Heimer**
PO Box 140193
Austin, TX 78714
512-291-7105

| Filing Date | # | Docket Text |
|---|---|---|
| 05/04/2025 | <u>1</u><br>(4 pgs) | Voluntary Petition under Chapter 7 (Non-Individual) Without Schedules, Without Statements,**Missing List of Creditors** (Filing Fee: $ 338) Filed By Darwin Texas Auto Group, LLC. -Declaration for Electronic Filing due by 05/12/2025 (McKee, Darwin)Modified on 5/5/2025 (Turner, Blayne). |
| 05/04/2025 | | ICC-Fee Terminated for Voluntary Petition Chapter 7(<u>25-10655</u>) [misc,volp7] ( 338.00), Amount $ 338.00, Receipt A25323136 (re:Doc# <u>1</u>) (U.S. Treasury) |
| 05/04/2025 | <u>2</u><br>(2 pgs) | Meeting of Creditors & Notice of Appointment of Interim Trustee Lowe, John Patrick added to the case. with 341(a) meeting to be held on 6/26/2025 at 10:00 AM at Zoom - Lowe: Meeting ID 6657174178, Passcode 3258264599, OR call 830-542-7284. (Scheduled Automatic Assignment, shared account) |

EXHIBIT A

| 05/05/2025 | <u>3</u><br>(2 pgs) | Request for 341 Meeting Notice. (Turner, Blayne) |
|---|---|---|
| 05/06/2025 | <u>4</u><br>(1 pg) | Trustee's Rejection of Appointment John Patrick Lowe removed from the case, (Lowe, John) |
| 05/06/2025 | <u>5</u><br>(2 pgs) | 341 Meeting of Creditors **Set For 7/1/2025 at 02:00 PM via Zoom - Heimer: Meeting ID 2712506827, Passcode 1208385126, OR call 915-245-4499;** (Turner, Blayne) |
| 05/06/2025 | <u>6</u><br>(2 pgs) | Notice of Appearance and Request for Service of Notice filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC. (Eisen, Mynde) |
| 05/06/2025 | <u>7</u><br>(60 pgs; 10 docs) | Emergency Motion for Relief from Stay ( Filing Fee: $ 199.00 ) filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7 # <u>8</u> Exhibit 8 # <u>9</u> Proposed Order) (Eisen, Mynde) |
| 05/06/2025 | | ICC-Fee Terminated for Motion Relief from Stay( <u>25-10655-smr</u>) [motion,mrlfsty] ( 199.00), Amount $ 199.00, Receipt A25330643 (re:Doc# <u>7</u>) (U.S. Treasury) |
| 05/06/2025 | <u>8</u><br>(3 pgs; 2 docs) | Motion to Expedite Hearing filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # <u>1</u> Proposed order)(Eisen, Mynde) (Related Document(s): <u>7</u> Emergency Motion for Relief from Stay ( Filing Fee: $ 199.00 ) filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Proposed Order)) |
| 05/07/2025 | | **EXPEDITED Hearing to Consider and Act Upon the Following:** (Related Document(s): <u>7</u> Emergency Motion for Relief from Stay filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC ) **Hearing Scheduled For 5/9/2025 at 02:30 PM at https://www.zoomgov.com/my/robinson.txwb via Zoom or Call 669-254-5252 Meeting ID: 161 0862 5245** ...*COUNSEL FOR MOVANT IS RESPONSIBLE FOR NOTICE OF HEARING. NOTICE SHOULD INCLUDE... https://www.zoomgov.com/my/robinson.txwb via Zoom or Call 669-254-5252 Meeting ID: 161 0862 5245* (Lopez, Jennifer) |
| 05/07/2025 | <u>9</u><br>(2 pgs) | Notice of Hearing filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC. (Eisen, Mynde) (Related Document(s): <u>7</u> Emergency Motion for Relief from Stay ( Filing Fee: $ 199.00 ) filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Proposed Order), <u>8</u> Motion to Expedite Hearing filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Proposed order)(Eisen, Mynde) (Related Document(s): <u>7</u> Emergency Motion for Relief from Stay ( Filing Fee: $ 199.00 ) filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Proposed Order))) |

| | | |
|---|---|---|
| 05/07/2025 | <u>10</u><br>(1 pg) | Order Regarding (related document(s): <u>8</u> Motion to Expedite Hearing filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Proposed order)(Eisen, Mynde) (Related Document(s): <u>7</u> Emergency Motion for Relief from Stay ( Filing Fee: $ 199.00 ) filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Proposed Order))) (Order entered on 5/7/2025) (Boyd, Laurie) |
| 05/07/2025 | <u>11</u><br>(89 pgs; 13 docs) | Exhibit Index and Witness List for Hearing on 5/9/25 filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC. (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7 # <u>8</u> Exhibit 8 # <u>9</u> Exhibit 9 # <u>10</u> Exhibit 10 # <u>11</u> Exhibit 11 # <u>12</u> Exhibit 12)(Eisen, Mynde) (Related Document(s): <u>7</u> Emergency Motion for Relief from Stay ( Filing Fee: $ 199.00 ) filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Proposed Order)) |
| 05/07/2025 | <u>12</u><br>(2 pgs) | Order To Show Cause ((1)Whether This Case Was Properly Filed In The Western District Of Texas, (2) Whether Attorney Darwin McKee Should Be Sanctioned, and (3) Whether The Case Should Be Dismissed As Being Filed In Bad Faith) (related document(s): <u>1</u> Voluntary Petition under Chapter 7 (Non-Individual) Without Schedules, Without Statements,**Missing List of Creditors** (Filing Fee: $ 338) Filed By Darwin Texas Auto Group, LLC. -Declaration for Electronic Filing due by 05/12/2025 (McKee, Darwin)Modified on 5/5/2025 .) **Show Cause Hearing Set For 5/9/2025 at 02:30 PM at https://www.zoomgov.com/my/robinson.txwb via Zoom or Call 669-254-5252 Meeting ID: 161 0862 5245** (Order entered on 5/7/2025) (Benitez, Estella) |
| 05/07/2025 | <u>13</u><br>(3 pgs) | BNC Certificate of Mailing (Related Document(s): <u>2</u> Meeting of Creditors & Notice of Appointment of Interim Trustee, John Patrick added to the case. with 341(a) meeting to be held on 6/26/2025 at 10:00 AM at Zoom - Lowe: Meeting ID 6657174178, Passcode 3258264599, OR call 830-542-7284. (Scheduled Automatic Assignment, shared account)) Notice Date 05/07/2025. (Admin.) |
| 05/07/2025 | <u>14</u><br>(4 pgs) | BNC Certificate of Mailing (Related Document(s): <u>3</u> Request for 341 Meeting Notice.) Notice Date 05/07/2025. (Admin.) |
| 05/08/2025 | <u>15</u><br>(4 pgs) | BNC Certificate of Mailing (Related Document(s): <u>5</u> 341 Meeting of Creditors **Set For 7/1/2025 at 02:00 PM via Zoom - Heimer: Meeting ID 2712506827, Passcode 1208385126, OR call 915-245-4499;** ) Notice Date 05/08/2025. (Admin.) |
| 05/09/2025 | <u>16</u><br>(51 pgs; 11 docs) | Exhibit Index and Witness List for Hearing on 05/09/2025 filed by Shane P. Tobin for U.S. Trustee United States Trustee - AU12. (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7 # <u>8</u> Exhibit 8 # <u>9</u> Exhibit 9 # <u>10</u> Service List) (Tobin, Shane) (Related Document(s): **EXPEDITED Hearing to Consider and Act Upon the Following:** (Related Document(s): <u>7</u> Emergency Motion for Relief from Stay filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC ) **Hearing Scheduled For 5/9/2025 at 02:30 PM at https://www.zoomgov.com/my/robinson.txwb via Zoom or Call 669-254-5252 Meeting ID: 161 0862 5245** ...*COUNSEL FOR MOVANT IS* |

| | | |
|---|---|---|
| | | RESPONSIBLE FOR NOTICE OF HEARING. NOTICE SHOULD INCLUDE... https://www.zoomgov.com/my/robinson.txwb via Zoom or Call 669-254-5252 Meeting ID: 161 0862 5245, 12 Order To Show Cause ((1)Whether This Case Was Properly Filed In The Western District Of Texas, (2) Whether Attorney Darwin McKee Should Be Sanctioned, and (3) Whether The Case Should Be Dismissed As Being Filed In Bad Faith) (related document(s): 1 Voluntary Petition under Chapter 7 (Non-Individual) Without Schedules, Without Statements,**Missing List of Creditors** (Filing Fee: $ 338) Filed By Darwin Texas Auto Group, LLC. -Declaration for Electronic Filing due by 05/12/2025 (McKee, Darwin)Modified on 5/5/2025.) **Show Cause Hearing Set For 5/9/2025 at 02:30 PM at https://www.zoomgov.com/my/robinson.txwb via Zoom or Call 669-254-5252 Meeting ID: 161 0862 5245** (Order entered on 5/7/2025)) |
| 05/09/2025 | 17<br>(2 pgs) | Order Withdrawing (related document(s): 12 Order To Show Cause ((1)Whether This Case Was Properly Filed In The Western District Of Texas, (2) Whether Attorney Darwin McKee Should Be Sanctioned, and (3) Whether The Case Should Be Dismissed As Being Filed In Bad Faith) (related document(s): 1 Voluntary Petition under Chapter 7 (Non-Individual) Without Schedules, Without Statements,**Missing List of Creditors** (Filing Fee: $ 338) Filed By Darwin Texas Auto Group, LLC. -Declaration for Electronic Filing due by 05/12/2025 (McKee, Darwin)Modified on 5/5/2025 .) **Show Cause Hearing Set For 5/9/2025 at 02:30 PM at https://www.zoomgov.com/my/robinson.txwb via Zoom or Call 669-254-5252 Meeting ID: 161 0862 5245** (Order entered on 5/7/2025)) (Order entered on 5/9/2025) (Benitez, Estella) |
| 05/09/2025 | 18<br>(2 pgs) | BNC Certificate of Mailing (Related Document(s): 10 Order Regarding (related document(s): 8 Motion to Expedite Hearing filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Proposed order)(Eisen, Mynde) (Related Document(s): 7 Emergency Motion for Relief from Stay ( Filing Fee: $ 199.00 ) filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Proposed Order))) (Order entered on 5/7/2025)) Notice Date 05/09/2025. (Admin.) |
| 05/09/2025 | 19<br>(3 pgs) | BNC Certificate of Mailing (Related Document(s): 12 Order To Show Cause ((1)Whether This Case Was Properly Filed In The Western District Of Texas, (2) Whether Attorney Darwin McKee Should Be Sanctioned, and (3) Whether The Case Should Be Dismissed As Being Filed In Bad Faith) (related document(s): 1 Voluntary Petition under Chapter 7 (Non-Individual) Without Schedules, Without Statements,**Missing List of Creditors** (Filing Fee: $ 338) Filed By Darwin Texas Auto Group, LLC. -Declaration for Electronic Filing due by 05/12/2025 (McKee, Darwin)Modified on 5/5/2025 .) **Show Cause Hearing Set For 5/9/2025 at 02:30 PM at https://www.zoomgov.com/my/robinson.txwb via Zoom or Call 669-254-5252 Meeting ID: 161 0862 5245** (Order entered on 5/7/2025)) Notice Date 05/09/2025. (Admin.) |
| 05/09/2025 | | Hearing Held: GRANTED AS STATED ON THE RECORD; ORDER TO COME BY COURT. Movant's Exhibits 1-12 Admitted. (Related Document(s): 7 Emergency Motion for Relief from Stay ( Filing Fee: $ 199.00 ) filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Proposed Order)) (Turner, Blayne) (Entered: 05/12/2025) |

| | | |
|---|---|---|
| 05/09/2025 | | Hearing Held: SHOW CAUSE WITHDRAWN. U.S. Trustee's Exhibits 1-9 Admitted. (Related Document(s): 12 Order To Show Cause ((1)Whether This Case Was Properly Filed In The Western District Of Texas, (2) Whether Attorney Darwin McKee Should Be Sanctioned, and (3) Whether The Case Should Be Dismissed As Being Filed In Bad Faith) (related document(s): 1 Voluntary Petition under Chapter 7 (Non-Individual) Without Schedules, Without Statements,**Missing List of Creditors** (Filing Fee: $ 338) Filed By Darwin Texas Auto Group, LLC. -Declaration for Electronic Filing due by 05/12/2025 (McKee, Darwin)Modified on 5/5/2025 .) **Show Cause Hearing Set For 5/9/2025 at 02:30 PM at https://www.zoomgov.com/my/robinson.txwb via Zoom or Call 669-254-5252 Meeting ID: 161 0862 5245 (Order entered on 5/7/2025)) (Turner, Blayne) (Entered: 05/12/2025)** |
| 05/11/2025 | 20 (3 pgs) | BNC Certificate of Mailing (Related Document(s): 17 Order Withdrawing (related document(s): 12 Order To Show Cause ((1)Whether This Case Was Properly Filed In The Western District Of Texas, (2) Whether Attorney Darwin McKee Should Be Sanctioned, and (3) Whether The Case Should Be Dismissed As Being Filed In Bad Faith) (related document(s): 1 Voluntary Petition under Chapter 7 (Non-Individual) Without Schedules, Without Statements,**Missing List of Creditors** (Filing Fee: $ 338) Filed By Darwin Texas Auto Group, LLC. -Declaration for Electronic Filing due by 05/12/2025 (McKee, Darwin)Modified on 5/5/2025 .) **Show Cause Hearing Set For 5/9/2025 at 02:30 PM at https://www.zoomgov.com/my/robinson.txwb via Zoom or Call 669-254-5252 Meeting ID: 161 0862 5245 (Order entered on 5/7/2025)) (Order entered on 5/9/2025)) Notice Date 05/11/2025.** (Admin.) |
| 05/14/2025 | 21 (1 pg) | Exhibit Index and Witness List for Hearing on 5/9/2025 (Related Document(s): 7 Emergency Motion for Relief from Stay ( Filing Fee: $ 199.00 ) filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Proposed Order), 12 Order To Show Cause ((1)Whether This Case Was Properly Filed In The Western District Of Texas, (2) Whether Attorney Darwin McKee Should Be Sanctioned, and (3) Whether The Case Should Be Dismissed As Being Filed In Bad Faith) (Order entered on 5/7/2025)) **Movant's Exhibits 1-12 (ecf no. 11) Admitted; Trustee's Exhibits 1-9 (ecf no. 16) Admitted** (Schoener, Lauren) |
| 05/15/2025 | 22 (2 pgs) | Order Regarding (related document(s): 7 Emergency Motion for Relief from Stay ( Filing Fee: $ 199.00 ) filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Proposed Order)) (Order entered on 5/15/2025) (Benitez, Estella) |
| 05/16/2025 | 23 (1 pg) | Declaration For Electronic Filing Due Notice Sent to Attorney for Debtor(s). (Related Document(s): 1 Voluntary Petition under Chapter 7 (Non-Individual) Without Schedules, Without Statements,**Missing List of Creditors** (Filing Fee: $ 338) Filed By Darwin Texas Auto Group, LLC. -Declaration for Electronic Filing due by 05/12/2025 (McKee, Darwin)Modified on 5/5/2025 (Turner, Blayne).) - **Declaration for Electronic Filing due by 05/30/2025.** (Admin) |
| 05/17/2025 | 24 (4 pgs) | BNC Certificate of Mailing (Related Document(s): 22 Order Regarding (related document(s): 7 Emergency Motion for Relief from Stay ( Filing |

| | | |
|---|---|---|
| | | Fee: $ 199.00 ) filed by Mynde S. Eisen for Creditor Franklin & Franklin Investments, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Proposed Order)) (Order entered on 5/15/2025)) Notice Date 05/17/2025. (Admin.) |
| 05/18/2025 | <u>25</u><br>(2 pgs) | BNC Certificate of Mailing (Related Document(s): <u>23</u> Declaration For Electronic Filing Due Notice Sent to Attorney for Debtor(s). (Related Document(s):<u>1</u> Voluntary Petition under Chapter 7 (Non-Individual) Without Schedules, Without Statements,**Missing List of Creditors** (Filing Fee: $ 338) Filed By Darwin Texas Auto Group, LLC. - Declaration for Electronic Filing due by 05/12/2025 (McKee, Darwin)Modified on 5/5/2025 (Turner, Blayne).) - **Declaration for Electronic Filing due by 05/30/2025. (Admin.))** Notice Date 05/18/2025. (Admin.) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/03/2025 12:20:05 | | | |
| **PACER Login:** | myndeeisen | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 25-10655-smr Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

**U.S. Bankruptcy Court**
**Southern District of Texas (Houston)**
**Bankruptcy Petition #: 25-33190**

*Date filed:*  06/03/2025

*Assigned to:* Bankruptcy Judge Jeffrey P Norman
Chapter 11
Voluntary
Asset

**Debtor**                                              represented by **Texas Direct Auto Group LLC**
**Texas Direct Auto Group LLC**                                              PRO SE
5411 Renwick Dr
Houston, TX 77081
HARRIS-TX
Tax ID / EIN: 92-3796654

**U.S. Trustee**
**US Trustee**
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002
713-718-4650

| Filing Date | # | Docket Text |
|---|---|---|
| 06/03/2025 | 1 | Chapter 11 Voluntary Petition Non-Individual Receipt Number O, Fee Amount $1738 Filed by Texas Direct Auto Group LLC . (th4) (Entered: 06/03/2025) |

# EXHIBIT B

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/03/2025 11:21:53 | | | |
| **PACER Login:** | myndeeisen | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 25-33190 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |

| Billable Pages: | 1 | Cost: | 0.10 |
|---|---|---|---|

SPECIAL MEETING OF THE MEMBERS
OF
**TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**

A special meeting of the Members of **TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**, was held in accordance with the Certificate of Formation and Company Agreement of such Limited Liability Company at its principal office in the City of Houston, Texas, on the ___7___ day of ___September___, 2023, at _____ o'clock _____.M.

A quorum of the Members was present at such meeting and the meeting was duly called to order by the Limited Liability Company's **MANAGING MEMBER, RAYMOND MEARIS.**

The **MANAGING MEMBER** then presented to the meeting a Promissory Note in the amount of **FOUR HUNDRED NINETY NINE THOUSAND AND NO1/00 ($499,000.00) DOLLARS** (the "Note"), Deed of Trust and Security Agreement securing said Note and other related documents additionally securing said Note, which was considered by the Members.

Upon motion duly made and seconded, it is unanimously resolved by the Members as follows:

RESOLVED that the Limited Liability Company accept such loan upon the terms and conditions expressed in said documents, such loan to be made by **FRANKLIN & FRANKLIN INVESTMENTS, LLC, a Texas limited liability company dba Eagle Point Lending** in the amount of **FOUR HUNDRED NINETY NINE THOUSAND AND NO1/00 ($499,000.00) DOLLARS**, to bear interest as provided therein, and to be payable in accordance with the terms of said Note.  Said Note is to be secured by a Deed of Trust and Security Agreement to **ROBERT J. ADAM, STEPHEN W. BING, LEIGH ANN THOMPSON OR PHILIP D. CONWAY, TRUSTEE** covering the following property to-wit:

> **CONDOMINIUM UNIT NUMBER 204, IN BUILDING "A", AND THE SPACE ENCOMPASSED BY THE BOUNDARIES THEREOF, THE LIMITED COMMON ELEMENTS APPURTENANT THERETO, TOGETHER WITH AN UNDIVIDED INTEREST IN THE GENERAL COMMON ELEMENTS LOCATED IN AND BEING PART OF LAMAR TOWER, A CONDOMINIUM PROJECT IN HARRIS COUNTY, TEXAS, AS FULLY DESCRIBED IN AS LOCATED, DELINEATED AND AS DEFINED IN THE CONDOMINIUM DECLARATION FOR LAMAR TOWER, TOGETHER WITH THE SURVEY PLAT, BY-LAWS AND EXHIBITS ATTACHED THERETO, RECORDED IN VOLUME 102, PAGE 116, VOLUME 103, PAGE 96, VOLUME 113, PAGE 152, VOLUME 115, PAGE 139, VOLUME 118, PAGE 144, VOLUME 124, PAGE 5, VOLUME 124, PAGE 52, VOLUME 126, PAGE 11, AND UNDER FILM CODE NOS. 162117, 189223, 190052, 190107, 192262, 194003, 194147, 210252 AND 212003 ALL OF THE CONDOMINIUM RECORDS OF HARRIS COUNTY, TEXAS;**

which said Deed of Trust and Security Agreement  has been considered by the Members together with all other related documents hereinabove mentioned which are acceptable to the Members.

FURTHER RESOLVED that such loan is reasonably beneficial to and in the best interest of the Limited Liability Company and that the **MANAGING MEMBER, RAYMOND MEARIS**, be and he or she is hereby authorized as an Officer of the Limited Liability Company to make such loan for and in behalf of the Limited Liability Company; and, as an Officer of such Limited Liability Company, to execute such Note and Deed of Trust and all other related documents necessary to effect the purpose herein set forth and required  by **FRANKLIN & FRANKLIN INVESTMENTS, LLC, a Texas limited liability company dba Eagle Point Lending**  to be executed, which such authority shall remain irrevocable as to **FRANKLIN & FRANKLIN INVESTMENTS, LLC, a Texas limited liability**

EXHBIT C                                          1

**company dba Eagle Point Lending** until it is notified in writing of the revocation of such authority and shall in writing acknowledge receipt of such notification.

FURTHER RESOLVED that the following persons are the officers of the Limited Liability Company and any one of such persons are the persons authorized to act and sign instruments on behalf of the Limited Liability Company:

MANAGING MEMBER:          **RAYMOND MEARIS**

I hereby certify that the above and foregoing is a true copy of a Resolution by the Members of **TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**, domiciled in **HARRIS** County, Texas, passed at a meeting of said Members, duly and legally called in accordance with and pursuant to the Certificate of Formation and Company Agreement of said Limited Liability Company, held at a meeting of said Members on the ___7___ day of __September__ 2023, a quorum thereof being present and voting unanimously for the adoption of said Resolution and that said Resolution is in full force and effect as of the date of this certification.

**TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**

**RAYMOND MEARIS, MEMBER**

THE STATE OF TEXAS                              §
                                                §
COUNTY OF HARRIS                                §

This instrument was acknowledged before me this __7__ day of __September__ 2023, by **RAYMOND MEARIS, MEMBER** of **TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**, in the capacity therein stated and on behalf of said limited liability company.

NOTARY PUBLIC, STATE OF TEXAS

TIFFANY CURTIS
My Notary ID # 126788305
Expires September 27, 2025

2

**RESOLUTION CERTIFICATE AND**
**CERTIFICATE OF INCUMBENCY OF**
**TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**

The undersigned hereby certifies as follows:

1.      I am the officer of the Limited Liability Company  holding the title designated on the signature line of this Certificate.

2.      **Attached hereto as ANNEX I** is a full, true and correct copy of resolutions (the "Resolutions") duly adopted by the Members of the Limited Liability Company in conformity with the Certificate of Formation and Company Agreement of the Limited Liability Company and in accordance with the laws of the State of Texas concerning the loan in the amount of **FOUR HUNDRED NINETY NINE THOUSAND AND NO1/00 ($499,000.00) DOLLARS** by **FRANKLIN & FRANKLIN INVESTMENTS, LLC, a Texas limited liability company dba Eagle Point Lending** to **TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**.

3.      The Resolutions have not been amended, modified or rescinded, and are in full force and effect on the date hereof.

4.      The Limited Liability Company is duly organized and existing under the laws of the State of Texas.

5.      All franchise and other taxes required to maintain the Limited Liability Company's existence have been paid and none of such taxes are delinquent.

6.      No proceedings are pending for the forfeiture of the Limited Liability Company's authority to do business or for its dissolution, voluntarily or involuntarily.

7.      The Limited Liability Company  is qualified to do business in each state where the nature of its business requires such qualification.

8.      There is no provision in the Certificate of Formation, Company Agreement or any other agreement, indenture or contract to which the Limited Liability Company or its property is subject which limits the Resolutions, and the Resolutions are in conformity with the provisions of the Limited Liability Company's Certificate of Formation and Company Agreement and with proceedings of the Members.

9.      The undersigned officers have been duly elected to the positions set opposite their respective names below and are qualified to act in the present capacities in which they sign for the Limited Liability Company.

10.     The signatures appearing opposite each of the undersigned officers is his or her authentic signature and each of the undersigned holds the office designated for the same.

| Name | Office | Signature |
|------|--------|-----------|
| **RAYMOND MEARIS** | **MANAGING MEMBER** | |

EXECUTED the ⌐1 day of SEPTEMBER, 2023.

Name:  **RAYMOND MEARIS**
Title:  **MANAGING MEMBER**

**ANNEX I**
**SPECIAL MEETING OF THE MEMBERS**
**OF**
**TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**

A special meeting of the Members of **TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**, was held in accordance with the Certificate of Formation and Company Agreement of such Limited Liability Company at its principal office in the City of Houston, Texas, on the _____7_____ day of September, 2023, at _____ o'clock _____.M.

A quorum of the Members was present at such meeting and the meeting was duly called to order by the Limited Liability Company's **MANAGING MEMBER, RAYMOND MEARIS.**

The **MANAGING MEMBER** then presented to the meeting a Promissory Note in the amount of **FOUR HUNDRED NINETY NINE THOUSAND AND NO1/00 ($499,000.00) DOLLARS** (the "Note"), Deed of Trust and Security Agreement securing said Note and other related documents additionally securing said Note, which was considered by the Members.

Upon motion duly made and seconded, it is unanimously resolved by the Members as follows:

RESOLVED that the Limited Liability Company accept such loan upon the terms and conditions expressed in said documents, such loan to be made by **FRANKLIN & FRANKLIN INVESTMENTS, LLC, a Texas limited liability company dba Eagle Point Lending** in the amount of **FOUR HUNDRED NINETY NINE THOUSAND AND NO1/00 ($499,000.00) DOLLARS**, to bear interest as provided therein, and to be payable in accordance with the terms of said Note. Said Note is to be secured by a Deed of Trust and Security Agreement to **ROBERT J. ADAM, STEPHEN W. BING, LEIGH ANN THOMPSON OR PHILIP D. CONWAY, TRUSTEE** covering the following property to-wit:

> CONDOMINIUM UNIT NUMBER 204, IN BUILDING "A", AND THE SPACE ENCOMPASSED BY THE BOUNDARIES THEREOF, THE LIMITED COMMON ELEMENTS APPURTENANT THERETO, TOGETHER WITH AN UNDIVIDED INTEREST IN THE GENERAL COMMON ELEMENTS LOCATED IN AND BEING PART OF LAMAR TOWER, A CONDOMINIUM PROJECT IN HARRIS COUNTY, TEXAS, AS FULLY DESCRIBED IN AS LOCATED, DELINEATED AND AS DEFINED IN THE CONDOMINIUM DECLARATION FOR LAMAR TOWER, TOGETHER WITH THE SURVEY PLAT, BY-LAWS AND EXHIBITS ATTACHED THERETO, RECORDED IN VOLUME 102, PAGE 116, VOLUME 103, PAGE 96, VOLUME 113, PAGE 152, VOLUME 115, PAGE 139, VOLUME 118, PAGE 144, VOLUME 124, PAGE 5, VOLUME 124, PAGE 52, VOLUME 126, PAGE 11, AND UNDER FILM CODE NOS. 162117, 189223, 190052, 190107, 192262, 194003,194147, 210252 AND 212003 ALL OF THE CONDOMINIUM RECORDS OF HARRIS COUNTY, TEXAS;

which said Deed of Trust and Security Agreement has been considered by the Members together with all other related documents hereinabove mentioned which are acceptable to the Members.

FURTHER RESOLVED that such loan is reasonably beneficial to and in the best interest of the Limited Liability Company and that the **MANAGING MEMBER, RAYMOND MEARIS**, be and he or she is hereby authorized as an Officer of the Limited Liability Company to make such loan for and in behalf of the Limited Liability Company; and, as an Officer of such Limited Liability Company, to execute such Note and Deed of Trust and all other related documents necessary to effect the purpose herein set forth and required by **FRANKLIN & FRANKLIN INVESTMENTS, LLC, a Texas limited liability company dba Eagle Point Lending** to be executed, which such

1

authority shall remain irrevocable as to **FRANKLIN & FRANKLIN INVESTMENTS, LLC, a Texas limited liability company dba Eagle Point Lending** until it is notified in writing of the revocation of such authority and shall in writing acknowledge receipt of such notification.

FURTHER RESOLVED that the following persons are the officers of the Limited Liability Company and any one of such persons are the persons authorized to act and sign instruments on behalf of the Limited Liability Company:

MANAGING MEMBER:          **RAYMOND MEARIS**

I hereby certify that the above and foregoing is a true copy of a Resolution by the Members of **TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**, domiciled in **HARRIS** County, Texas, passed at a meeting of said Members, duly and legally called in accordance with and pursuant to the Certificate of Formation and Company Agreement of said Limited Liability Company, held at a meeting of said Members on the ___1___ day of September, 2023, a quorum thereof being present and voting unanimously for the adoption of said Resolution and that said Resolution is in full force and effect as of the date of this certification.

**TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**


~~RAYMOND MEARIS, MEMBER~~


THE STATE OF TEXAS                          §
                                            §
COUNTY OF HARRIS                            §

This instrument was acknowledged before me this __1__ day of September, 2023, by **RAYMOND MEARIS, MEMBER** of **TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**, in the capacity therein stated and on behalf of said limited liability company.

NOTARY PUBLIC, STATE OF TEXAS

TIFFANY CURTIS
My Notary ID # 126788305
Expires September 27, 2025

2

## BORROWER'S CERTIFICATE

      **TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company** ("Borrower"), hereby represents, warrants, and certifies to **FRANKLIN & FRANKLIN INVESTMENTS, LLC, a Texas limited liability company dba Eagle Point Lending** ("Lender"), as follows:

      1. **Warranty of Title.** Borrower holds fee simple title to the land described on **EXHIBIT "A"** attached hereto and made a part hereof for all purposes (the "Land") and the improvements and fixtures situated thereon (the "Improvements") and is the owner of the fixtures and equipment and other personalty situated thereon, excepting therefrom any personal property, furnishings or fixtures owned by any tenant occupying the Improvements, or a part thereof, under the terms of a lease or leases for same (the Land, the Improvements and said equipment and other personalty are hereinafter collectively referred to as the "Property").

      2. **Loan Documents.** Borrower is (i) the Grantor under the Deed of Trust and Security Agreement of even date herewith executed by Borrower to **ROBERT J. ADAM, STEPHEN W. BING, LEIGH ANN THOMPSON OR PHILIP D. CONWAY, Trustee,** in favor of Lender, as Beneficiary (the "Deed of Trust"), which is to be recorded in the Official Public Records of Real Property of **HARRIS** County, Texas, covering the Land, (ii) the Assignor under the Collateral Assignment of Rents and Leases of even date herewith executed by Borrower in favor of Lender, as Assignee (the "Assignment of Leases"), which is to be recorded in the Official Public Records of Real Property of **HARRIS** County, Texas, covering the Land, and (iii) the Maker under the Promissory Note of even date herewith (the "Note") executed by Borrower, as Maker, payable to the order of Lender, as Payee, in the original principal amount of **FOUR HUNDRED NINETY NINE THOUSAND AND NO1/00 ($499,000.00) DOLLARS,** secured by the Deed of Trust and the Assignment of Leases. This Certificate, the Note, the Deed of Trust, the Assignment of Leases and all other documents executed in connection with or as security for the Note are called the "Loan Documents".

      3. **Changes in Credit or Financial Condition.** There has been no material adverse change in the credit rating of Borrower or in the financial condition or management of Borrower from that shown in information delivered to Lender prior to or since the date of any application and/or financial statements delivered by Borrower to Lender.

      4. **Litigation.** There is no action or proceeding pending or, to the knowledge of Borrower, threatened against Borrower or the Property before any court or administrative agency which might result in any material adverse change in the business or financial condition of Borrower or the Property.

      5. **Bankruptcy.** Borrower is not involved in any bankruptcy, reorganization, insolvency, readjustment of debt, dissolution or litigation proceeding, and to the best knowledge of Borrower, no such proceeding is contemplated or threatened.

      6. **Condemnation.** No part of the Property has been taken in condemnation or other like proceeding nor has Borrower received notice of any proposed condemnation or other like proceeding affecting the Property, and no part of the Property has been transferred in lieu of condemnation or other like proceeding. (For the purposes of this Certificate a taking for a limited or indefinite term shall be deemed equivalent to a transfer of fee title.)

      7. **Damage.** No damage to any part of the Property has occurred that has not been fully restored or replaced (or as to which, in the case of any insubstantial loss or damage, provision satisfactory to Lender for full restoration or replacement has been made) as of the date hereof.

      8. **Compliance with Laws and Regulations.** After due and diligent inquiry, the Improvements and their intended use comply fully with (and no notices of violation have been received in connection with) environmental, air quality, zoning, planning, building, health, fire, traffic, safety, wetlands, coastal and other governmental or regulatory rules, laws, ordinances, statutes, codes and requirements applicable to the Property. The zoning approval (if applicable)

1

for the Property is not dependent upon the ownership or use of any other property or rights which are not included within the definition of the Property and covered by the Deed of Trust.

9. **Licenses and Permits.**  All authorizations, licenses and permits required to allow the Improvements to be fully operated for its intended purposes have been obtained, paid for and are in full force and effect.

10. **Security Agreements.**  There are no outstanding unpaid conditional sales contracts, chattel mortgages or security agreements or financing statements affecting the Property.

11. **Non-Relationship.**  Borrower is not a director or officer of Lender nor (if Borrower is a natural person) (1) a son or daughter of a director or officer of Lender, or a descendant of either, (2) a stepson or stepdaughter of a director or officer of Lender, or a descendant of either, (3) the father or mother of a director or officer of Lender, or an ancestor of either, (4) a stepfather or stepmother of a director or officer of Lender, or an ancestor of either, or (5) a spouse of a director or officer of Lender.  Borrower acknowledges that for the purpose of determining any of the foregoing relationships, a legally adopted child of a person is considered a child of such person by blood.

12. **Charges and Liens.**

   a.  The Property is free and clear from all due and unpaid water charges, sewer rents, taxes and assessments.

   b.  The Property is free of mechanics' and materialmens' liens and any other lien, including, but not limited to, any ad valorem tax liens financed with, or transferred to, a third party, whether or not disclosed in any title insurance policy for the Property, which might have priority over the Deed of Trust.

13. **Compliance with Other Instruments.**

   a.  There has been no default of Borrower under any agreement with Lender whether or not of record and Borrower has performed all obligations required to be performed by it pursuant to such agreements prior to or on the date hereof.

   b.  No event has occurred and no condition exists on the date hereof which would result, whether immediately or with lapse of time or the giving of notice, or both, in the occurrence or existence of any event of default under the Loan Documents.

14. **Compliance with Covenants and Agreements.**  Borrower has complied with all requirements of any and all instruments and agreements affecting the Property, whether or not of record, including without limitation all covenants and agreements by and between Borrower and any governmental entity.

15. **Borrower's Business Plans.**  Borrower has relied and is relying upon Borrower's expertise and business plan in all matters in connection with the Property, the Loan Documents and this Certificate.  Borrower has not relied and is not relying on Lender's expertise or business acumen in any manner in connection with the Property, the Loan Documents or this Certificate.  The relationship between Borrower and Lender is solely that of borrower and lender, and Lender has no fiduciary or other special relationship with Borrower.  No term or condition of the Loan Documents shall be construed so as to deem the relationship between Borrower and Lender to be other than that of borrower and lender.

16. **Borrower's Signature.**  Borrower and/or Borrower's Representative has read and understands this Certificate and the Loan Documents.  Borrower and/or Borrower's Representative is of legal age and legally competent to execute this Certificate and the Loan Documents, and does so of Borrower's and/or Borrower's Representative's own free will and accord, without threat or duress, and without reliance on any representation of any kind or character not expressly set forth in this Certificate and the Loan Documents.

2

17. **Leases.**

      a. Borrower has delivered to Lender true, correct and complete copies of all leases, if any, affecting the Property (the "Leases") and all guarantees given in connection therewith (the "Guarantees"). There are no defaults by Borrower under the Leases and, to the best knowledge of Borrower, there are no defaults by any tenants under the Leases. The Leases and the Guarantees are in full force and effect and have not been altered.

      b. Each tenant is in occupancy of the premises leased to it pursuant to its lease.

      c. None of the tenants now occupying the Property or having a current lease affecting the Property is the subject matter of any bankruptcy, reorganization or insolvency proceeding or any other debtor-creditor proceeding.

      d. There are no leases affecting the Property except those leases disclosed in writing to Lender.

18.    **Borrower's Authority**. Borrower is a valid, legal Texas Limited Liability Company and is presently a limited liability company in good standing according to the laws of the State of Texas. The undersigned is a duly authorized Officer of the Borrower. In such capacity, he has the full power and authority to bind Borrower with respect to the execution of the Loan Documents. In such capacity, he has personal knowledge of all facts stated in this Certificate. The Articles of Organization or Certificate of Formation of the Borrower are in full force and effect and have not been amended or changed, and no proceeding is pending, planned or threatened for the annulment or liquidation of Borrower. All licenses, filing fees, income and other taxes due and payable by the Borrower have been paid in full.

19.    **Indemnification.** This Certificate is made and executed in order to induce Lender to make a **FOUR HUNDRED NINETY NINE THOUSAND AND NO1/00 ($499,000.00) DOLLARS FIRST** lien mortgage loan to Borrower. Borrower is fully aware that Lender is relying on this Certificate in making said loan and that the representations and warranties made herein are material factors in making said loan. **Borrower hereby agrees to protect, defend, indemnify and hold Lender harmless against any loss that it may suffer, including but not limited to, attorneys' fees, as a result of any inaccuracy (which term includes misleading, deceptive and incomplete statements) in the statements herein certified.**

      IN WITNESS WHEREOF, this Certificate is executed as of this ‾1‾ day of SEPTEMBER, 2023.

**TEXAS DIRECT AUTO GROUP LLC, a Texas limited liability company**


**RAYMOND MEARIS, MANAGING MEMBER**

3

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 15, 2025**

_____

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | 25-10655-SMR |
| | § | |
| TEXAS DIRECT AUTO GROUP, | § | |
| LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

---

**ORDER GRANTING MOTION OF FRANKLIN & FRANKLIN INVESTMENTS, LLC'S**
**MOTION FOR RELIEF FROM STAY**
**(Relates to ECF No. 7)**

On May 6, 2025, Franklin & Franklin Investments, LLC ("Franklin") filed its *Motion for Relief from Stay* (the "Motion" at ECF No. 7) seeking relief regarding the Property[1] located in Harris County, Texas. Franklin filed an accompanying *Motion to Expedite* at ECF No. 8, and the Court set the Motion for hearing on May 9, 2025.

At the May 9 hearing, Franklin and the Debtor appeared and presented evidence related to the Motion. After considering the arguments of counsel, testimony of the witnesses, and all duly

---

[1] Capitalized terms not defined herein shall have the definition provided in Franklin's Motion at ECF No. 7.

EXHIBIT D

admitted evidence, for the reasons set forth on the record the Court finds that cause exists to lift the automatic stay under 11 U.S.C. § 362(d)(1) and Franklin's Motion should be granted.

**ACCORDINGLY, IT IS THEREFORE ORDERED** that the Motion at ECF No. 7 is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the automatic stay is lifted pursuant to 11 U.S.C. § 362(d)(1), and Franklin may proceed with its contractual and/or state court remedies regarding the Property including, but not limited to, posting the property for a June 3, 2025 foreclosure (or any month thereafter) and proceeding with the June 3, 2025 foreclosure (or any month thereafter) in accord with applicable state law.

**IT IS FURTHER ORDERED** that if the net proceeds resulting from a foreclosure sale of the Property exceed Franklin's secured claim, the net proceeds above and beyond Franklin's secured claim shall be sent to the Chapter 7 Trustee for distribution in accord with the applicable provisions of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that any relief not granted explicitly herein is **DENIED.**

**IT IS FURTHER ORDERED** that the Court shall retain exclusive and continuing jurisdiction with respect to the interpretation and enforcement of this Order.

# # #

3/28/2025 5:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 98996972
By: Kathy Givens
Filed: 3/28/2025 5:51 AM

**CAUSE NO.** 202500570

| | | |
|---|---|---|
| Texas Direct Auto Group LLC**,** | § | IN THE DISTRICT COURT OF |
| *Plaintiff*(s), | § | |
| | § | |
| v. | § | |
| | § | **HARRIS** COUNTY, TEXAS |
| Franklin & Franklin Investments, LLC, | § | |
| *Defendant(s),* | § | |
| | § | |
| | § | 61ˢᵗ JUDICIAL DISTRICT |

TEMPORARY RESTRAINING ORDER, ORDER TO POST BOND, ~~AND ORDER SETTING~~
~~HEARING FOR TEMPORARY INJUNCTION AND TEMPORARY ORDERS~~
AND ORDER GRANTING DEFENDANT'S REQUEST FOR TEMPORARY INJUCTION AS OF APRIL 9, 2025

On this _____ day of March 2025, TEXAS DIRECT AUTO GROUP LLC, Plaintiff in the
above-entitled and -numbered cause, has filed and on this day presented an Motion for Temporary
Restraining Order containing Motions for Temporary Injunction with relevant and pertinent
portions thereof supported with affidavits, pursuant to Section 5 of Part VI of the Texas Rules of
Civil Procedure.

THE COURT, having examined the pleadings, FINDS that it clearly appears from the facts
set forth in the affidavits and pertinent portions of Plaintiff TEXAS DIRECT AUTO GROUP
LLC's Motion for Temporary Restraining Order containing Motions For Temporary Injunction that
unless the Defendant FRANKLIN & FRANKLIN INVESTMENTS, LLC, is immediately
restrained as Ordered, Adjudged, and Decreed below in this section `I', that such Defendant ~~will~~ may
irreparably cause harm to Plaintiff TEXAS DIRECT AUTO GROUP LLC before notice can be
given and a hearing is had on Plaintiff's motion for a temporary injunction; because, the Defendant
will foreclose on certain property specified  in section I.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the clerk of this
Court issue a temporary restraining order, in this cause, immediately restraining Defendant,
FRANKLIN & FRANKLIN INVESTMENTS, LLC, from the following acts from the date of
signing of this order until and to the fourteenth day after the signing of this order or until further
order of this Court:

1.  The sale scheduled to be held at April 1, 2025 by the substitute trustee, **Attorneys of
    Adam & Bing, P.C**, in the area of the Harris County Courthouse in Houston, Texas,
    designated by the Commissioner's Court pursuant to Section 51.002 of the Texas

EXHIBIT E

Property Code as a place where the foreclosure sale is to take place of **2929 Buffalo Speedway, Unit A204, Houston, Texas 77098 .**

2. ~~Reposting said property for foreclosure sale or otherwise engaging in any foreclosure preparatory activities.~~

IT IS ORDERED, ADJUDGED, AND DECREED that the foregoing orders shall be binding on Defendant; on Defendant's agents, servants and employees; and on those persons in active concert or participation with them who receive actual notice of these Orders by personal service or otherwise.

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff post a bond of

$5,000.00 .

II.

IT IS FURTHER ORDERED that ~~the Clerk shall issue notice to~~ Defendant FRANKLIN & FRANKLIN INVESTMENTS, LLC, "s ~~to appear and such Defendant is hereby ordered to appear~~ Application for Temporary Injunction is granted effective April 9, 2025. In the event a sale of the property identified in Defendant's Motion has not been fuly effectuated injunctive relief is hereby before this Court in the Courthouse at 201 Caroline Street, Houston, Texas 77002 on

_____ _____, 2025, at ___:___ ___.m., to show cause, if any, why the following temporary injunctive and other interim relief should not be granted as requested by Plaintiff during the pendency of this cause:

1. That the preceding temporary restraining orders in sections `I' be made a temporary injunction pending final hearing in this cause;

2. That the additional orders and temporary injunctions requested by Plaintiff be granted;

3. That all other orders should be entered or further relief granted respecting the parties as pled for by Plaintiff in Plaintiff's Original Petition in this cause.

UPON THE PLAINTIFF POSTING A BOND OF _____, THE CLERK OF THIS COURT IS DIRECTED TO ISSUE A TEMPORARY RESTRAINING ORDER IN CONFORMITY WITH THE LAW AND THE TERMS OF THIS ORDER.

granted to Defendant precluding Texas Direct Auto Group LLC from seeking any further temporary restraining order to prevent foreclosure and Ray Mearis and Matthew Favard are barred from interfering with any foreclosure on the proprty after April 8, 2025.

SIGNED on March _____, 2025, at _____ o'clock ____.m.

Signed:
3/31/2025 _____
JUDGE PRESIDING

Approved as to Substance and Form

/s/ James Minerve

_____

James Minerve
State Bar No. 24008692
13276 N HWY 183, ste. 209
Austin, Texas 78750
(888) 819-1440 (Office)
(210) 336-5867 (Mobile)
(888) 230-6397 (Fax)
jgm@minervelaw.com
Attorney for Plaintiff
**Texas Direct Auto Group LLC**